## HUGHES v. PRITCHARD.

(Filed September 18, 1901.)

1. BONDS—*Penalty—Surety.*

Where a defendant, to secure a continuance, is required to give a bond to cover such damages as may be recovered for rents and profits, and the recovery is for more than the penalty, judgment should be given against the surety for the amount of the penalty.

2. APPEAL—*Premature.*

Where a judgment is given against a surety on a bond, and execution is stayed until the amount of betterments due defendant is ascertained, an appeal by the surety before such an amount is ascertained, is premature.

DOUGLAS, J., dissenting.

ACTION by Mary E. Hughes and Mary E. Hughes, Jr., against D. T. Pritchard, heard by Judge *O. H. Allen,* at

Spring Term, 1901, of the Superior Court of CAMDEN County. From judgment for the plaintiffs, the defendant, Isaac Burnham, appealed.

*E. F. Aydlett* and *John H. Small,* for the plaintiffs.
*J. H. Sawyer,* for the defendant.

CLARK, J. If this were an action of ejectment and the bond in question had been that required by Code, sec. 237, the surety thereon would be liable only for rents and profits pending litigation and subsequent to filing the bond. But such is not the case.

The appellant, surety on the bond, correctly states the purport of the litigation as follows in his answer to the motion for judgment on the bond: "The plaintiffs brought this action against the defendant to have him declared trustee for them of two-thirds of the property described in their complaint, and to recover damages for rents and profits during his occupancy of the same." The complaint set out that such wrongful reception of rents and profits had continued since the 8th of March, 1886, and amounted to $10,000. The prayer for relief is to recover the accrued rents and profits thus taken by the defendant as trustee, and for a reference to ascertain amount of same, and for a decree that defendant was trustee as to two-thirds of the realty and should convey same to plaintiff. Complaint, answer and replication were filed at Spring Term Superior Court, 1896. At trial term in Fall, 1896, the defendant asked and was allowed a continuance, but was required to file a bond in the sum of $500, which he did, with the appellant as surety, which bond is conditioned to pay plaintiffs "such damages as they may recover against defendants on account of rents and profits *received* by him from the land in controversy." The complaint alleged the receipt of same by defendant as

trustee for ten years and the recovery thereof was one of the substantive reliefs demanded.

At Fall Term, 1897, the cause was tried, when the jury found all the issues in favor of plaintiffs, and that the rents and profits taken by defendant as trustee had averaged $400 per annum, from January, 1886. Judgment was rendered that defendant was trustee as alleged in complaint, that he should convey two-thirds interest in the realty to plaintiffs, that they recover the rents as above stated, and that after applying a bond for $2,500, held by defendant against one of plaintiffs (set up by defendant in the answer), the balance due by defendant for rents and profits wrongfully appropriated by him, was $1,046. The defendant then set up a plea for betterments, and plaintiffs moved for judgment on the bond given with appellant as surety at Fall Term,1896, when a continuance had been granted the defendant. The Court gave judgment thereon, but stayed execution until the amount of allowance, if any, to defendant by way of betterments should be determined.

The bond given by defendant with appellant as surety at Fall Term, 1896, was not the defence bond (under Code, sec. 237) required as a condition precedent to filing an answer in ejectment, and which would only cover the rents and profits pending litigation. But it was evidently given (and the appellant so avers in his brief) in compliance with the terms imposed on defendant for a continuance at that term, which terms rested in the sound discretion of the Judge. The wording of the bond indicates that it was partial security for the rents and profits sued for in the complaint alleged to have been converted by defendant in breach of trust—the bond says, "Rents and profits received by said Pritchard"— evidently meaning those already received as alleged, and sued for.

The future rents and profits, up to the trial, were soon

thereafter secured by the appointment of a receiver. It seems to us that the bond given by the appellant was additional security for the personal liability already incurred by defendant, and its execution was a condition imposed by the Court to balance the favor extended to defendant of not being forced to trial at that term.

The balance of recovery against defendant by reason of rents and profits wrongfully converted by him being adjudged more than the penalty of the bond executed by appellant as surety, the Court did not err in giving judgment for full amount of same against surety. His rights are fully safeguarded by the further order staying execution till the amount, if any, found to be due to the defendant on his plea of betterments, etc. (which matter by consent is under reference), shall have been credited on the balance of $1,046 adjudged due by him.

As on such reference it is possible the credits allowed defendant for betterments, etc., may exceed the $1,046, balance adjudged due by him, this appeal by the surety may prove to be entirely unnecessary and is therefore premature. He should have noted his exceptions and could appeal only from the final judgment.

Appeal dismissed.

Douglas, J., dissents.